An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

TERRANCE SCOTT CHORZEMPA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62530

FILED

SEP 1 8 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of attempted lewdness with a child under the age of 14. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

Appellant Terrance Scott Chorzempa contends that the district court abused its discretion by denying his presentence motion to withdraw his guilty plea. Chorzempa claims that he was not guilty and only pleaded because former counsel erroneously guaranteed that he would receive probation.[1] We conclude that Chorzempa fails to demonstrate that he is entitled to relief.

"A district court may, in its discretion, grant a defendant's [presentence] motion to withdraw a guilty plea for any substantial reason if it is fair and just." *Woods v. State*, 114 Nev. 468, 475, 958 P.2d 91, 95 (1998) (internal quotations omitted); *see* NRS 176.165. At the hearing on his motion, Chorzempa failed to call former counsel, William B. Terry, to testify in support of his claim that counsel guaranteed that he would receive probation if he entered a guilty plea. Chorzempa offered no

---

[1]The district court imposed a prison term of 36-180 months.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27788

argument at the hearing and submitted the matter on the briefs. The district court noted the "unusually thorough canvass" conducted by the hearing master at Chorzempa's arraignment, where he was properly advised and indicated that he understood his eligibility for probation and the district court's sentencing discretion. The district court also noted that Chorzempa was properly advised by the plea agreement memorandum. We conclude that Chorzempa failed to satisfy his burden and prove that his plea was invalid, *see Molina v. State*, 120 Nev. 185, 190, 87 P.3d 533, 537 (2004), and the district court did not abuse its discretion by denying his motion, *Johnson v. State*, 123 Nev. 139, 144, 159 P.3d 1096, 1098 (2007) ("This court will not reverse a district court's determination concerning the validity of a plea absent a clear abuse of discretion."). Accordingly, we

ORDER the judgment of conviction AFFIRMED.[2]

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                         Saitta

---

[2]The fast track statement and reply fail to comply with NRAP 3C(h)(1) and NRAP 32(a)(4) because they do not contain 1-inch margins on all four sides and the footnote in the fast track statement is not "in the same size and typeface as the body of the brief," NRAP 32(a)(5). The fast track response does not comply with NRAP 3C(h)(1) and NRAP 32(a)(4) because the text is not double-spaced. Counsel for the parties are cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n).

 

cc:    Hon. Jerome T. Tao, District Judge
       Herbert Sachs
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk